## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,           )
                                 )
              Plaintiff,         )    Case No.: 2:15-cv-01024-GMN-GWF
    vs.                          )
                                 )         **ORDER**
WOODCREST HOMEOWNERS             )
ASSOCIATION, *et al.*,           )
                                 )
              Defendants.        )
                                 )

Pending before the Court is the Motion to Dismiss, or in the alternative, Motion for Summary Judgment[1] (ECF No. 9) filed by Defendant Woodcrest Homeowners Association ("HOA"). Plaintiff Bank of America, N.A. ("BANA") filed a Response (ECF No. 11). HOA did not file a Reply to BANA's Response, and the deadline to do so passed on August 16, 2015. For the reasons discussed below, HOA's Motion to Dismiss is **GRANTED in part and DENIED in part**.

---

[1] HOA's request for summary judgment as an alternative to dismissing the Complaint is premature. With regard to summary judgment, Federal Rule of Civil Procedure 56 provides that, prior to the entry of summary judgment, the opposing party must have a sufficient opportunity to discover information essential to its position. Fed. R. Civ. P. 56(d); *see also Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) ("Implicit in the opportunity to respond is the requirement that sufficient time be afforded for discovery necessary to develop facts essential to justify a party's opposition to the motion [for summary judgment].").

HOA filed the instant Motion ten months before the discovery cut-off date. (*See* Joint Disc. Plan and Scheduling Order, ECF No. 16). Because the parties are still involved in discovery, and because BANA has identified specific, material questions of fact that remain as yet unresolved (*see* Resp. 26:8–10, 27:11–12), HOA's request for summary judgment is denied as premature. Therefore, the Court construes the instant Motion solely as a Motion to Dismiss.

## I. BACKGROUND

This case arises out of a dispute over the effects of HOA's foreclosure on a "super-priority" interest in real property under Nevada Revised Statutes § 116.3116, which was allegedly performed in violation of applicable Covenants, Conditions and Restrictions ("CC&Rs"). (Compl., ECF No. 1).

Specifically, this case centers upon interests held by the parties in real property located at 6541 Pleasant Plains Way, Las Vegas, Nevada (the "Property"). (*Id.* ¶ 7).  On July 28, 2008, Thomas L. Turner and Jayme D. Peterson executed a Deed of Trust on the Property. (*Id.* ¶ 12). The Deed of Trust was subsequently assigned to BANA on June 21, 2011. (*Id.* ¶ 14; Assignment of Deed of Trust, ECF No. 1-2).  The Loan was federally insured by the Department of Housing and Urban Development ("HUD") through the Federal Housing Administration ("FHA") insurance program. (Compl. ¶ 13).

On May 11, 2011, Absolute Collection Services, LLC ("ACS") filed a Notice of Delinquent Assessment Lien on the Property on behalf of HOA. (*Id.* ¶ 21).  On October 20, 2011, ACS filed a Notice of Default and Election to Sell under the HOA lien. (*Id.* ¶ 22).  ACS then filed a Notice of Trustee's Sale. (*Id.* ¶ 23).  On February 12, 2013, ACS foreclosed on the HOA lien, selling the Property to Defendant 6541 Pleasant Plains Wy Trust. (*Id.* ¶¶ 31, 32).

In the Complaint, BANA alleges that in November 2011, it had requested that HOA identify the amount representing the "super-priority" portion of its lien so BANA could remit payment of that sum. (*Id.* ¶¶ 22–30).  BANA asserts that HOA failed to respond to this request and did not provide any information to otherwise assist BANA in determining the amount of the super-priority interest. (*Id.* ¶ 30).  Furthermore, BANA alleges that HOA's recorded CC&Rs contain a "mortgage protection clause" which provides that HOA's liens are subordinate to senior deeds of trust. (*Id.* ¶ 33).

Based on these allegations, the Complaint sets forth claims against HOA for: (1) quiet title/declaratory relief; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) wrongful foreclosure; (5) breach of Nevada Revised Statutes § 116.1113; and (6) negligent misrepresentation. (*Id.* ¶¶ 36-95).  BANA's claims, with the exception of its claim for quiet title and declaratory relief, center upon the allegation that HOA failed to comply with the mortgage protection clause of the CC&Rs, and that it made numerous misrepresentations as to the status of BANA's interest in the Property. (*See, e.g.*, *id.* ¶¶ 33, 59, 84).

In the instant Motion, HOA argues, *inter alia*, that BANA's claims should be dismissed for failure to mediate pursuant to Nevada Revised Statutes § 38.310 and for failure to state a claim upon which relief may be granted.

## II.  LEGAL STANDARD

### A.  12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject-matter jurisdiction.[2] Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[2] Although Defendant's Motion to Dismiss provides the legal standard for Federal Rule of Civil Procedure ("FRCP") 12(b)(6) failure to state a claim (MTD 9:3–12, ECF No. 9), the Court will also consider it under FRCP 12(b)(1) as part of HOA's Motion implicates the Court's lack of jurisdiction to hear the case prior to BANA's compliance with Nevada Revised Statute § 38.310. *See Bank of Am. v. SFR Invs. Pool 1, LLC*, Case No. 2:15-cv-1042-APG, 2015 WL 6163452, at *1 (D. Nev. Oct. 19, 2015).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam).  However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

**B.    12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).  In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

  **A. 12(b)(1)—Nevada Revised Statutes § 38.310**

In its Motion, HOA argues that BANA's Complaint is unripe because BANA has failed to comply with Nevada Revised Statutes § 38.310 by first submitting its claims to mediation

before the Real Estate Division of the Nevada Department of Business and Industry ("NRED"). This section provides:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation . . . .

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." *Id.* at § 38.310(2).

Though BANA states that none of its claims require interpretation of the CC&Rs, this assertion is belied by the Complaint's numerous allegations that BANA is entitled to relief due to HOA's failure to adhere to the CC&Rs' requirements. (*See* Resp. 28:7–8, ECF No. 11). Indeed, BANA's claim for breach of contract directly asserts that BANA is entitled to damages as a result of HOA's violation of the mortgage protection clause contained in the CC&Rs. (Compl. ¶¶ 56–61). Similarly, BANA's claim for breach of the covenant of good faith and fair dealing is premised upon the assertion that HOA failed to adhere to the mortgage protection clause's "intention and spirit." (*Id.* ¶¶ 63, 64). Moreover, the remaining claims against HOA, with the exception of the quiet title cause of action, each allege that HOA violated its duties under the mortgage protection clause or made false representations as to the clause's effect upon BANA's interest in the Property. (*Id.* ¶¶ 74, 85, 93).

Accordingly, as BANA's claims for breach of contract, breach of the covenant of good faith and fair dealing, wrongful foreclosure, breach of Nevada Revised Statutes § 116.1113, and negligent misrepresentation each rely upon the assertion that the mortgage protection clause was breached or its effect misrepresented, the Court finds that these claims are related to the interpretation and application of the CC&Rs. Thus, because these claims were not submitted to

mediation prior to the filing of this action, the Court lacks subject matter jurisdiction, and will dismiss these claims without prejudice. *See* Nev. Rev. Stat. § 38.310(2).

As to BANA's remaining cause of action against HOA, the Nevada Supreme Court has held that claims which "directly relate[] to an individual's right to possess and use his or her property" are exempt from the mediation requirements of Nevada Revised Statutes § 38.310. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). The Nevada Supreme Court has applied this exemption to claims for quiet title, but the same reasoning also applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of Nev. Rev. Stat. § 38.310). In this instance, BANA seeks both quiet title and declaratory relief regarding its rights to the Property. Accordingly, the Court finds that this claim is exempt from the mediation requirement of § 38.310.

### B.     12(b)(6)—Quiet Title

Having determined that BANA is not required to submit its claim to quiet title to mediation, the Court next determines whether this claim is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). On this point, HOA asserts that BANA lacks standing to quiet title because BANA cannot establish good title in itself. (MTD 14:1). HOA also disputes BANA's allegations that HOA's foreclosure sale was conducted in a commercially unreasonable manner and that the notices violated Nevada Revised Statutes § 116.31162. (MTD 17:7–22, 18:15–19:5).

Under Nevada law, an action to quiet title "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action." Nev. Rev. Stat. § 40.010. To have standing to assert a quiet title claim, a plaintiff must

have a current claim to the land in dispute. *See, e.g.*, *Daly v. Lahontan Mines Co.*, 151 P. 514, 516 (Nev. 1915) *aff'd on reh'g* 158 P. 285 (1916) ("An action to quiet title is based upon the presumption that the plaintiff has title."). "A plea to quiet title does not require particular elements, but each party must plead and prove his or her own claim to the property in question." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations omitted). Therefore, a plaintiff's right to relief depends on superiority of title. *Id.* A plaintiff may prove superiority of title by demonstrating that a foreclosure sale was invalid for failure to follow foreclosure procedures pursuant to Nevada law. *See Edelstein v. Bank of N.Y. Mellon*, 128 Nev. Adv. Op. 48, 286 P.3d 249, 255 (2012) ("Once the [trustee's] sale is completed, title vests in the purchaser; upon court action, however, a sale may be voided if carried out without substantially complying with the statutory requirements."); *accord Rose v. First Fed. Sav. & Loan*, 105 Nev. 454, 457–58 (1989).

In this case, BANA asserts that it was assigned the Deed of Trust as successor to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. (Compl. ¶ 14). Further, BANA alleges an interest in the Property superior to HOA on the basis that the foreclosure sale failed to extinguish the Deed of Trust. (*See id.* ¶¶ 14, 20, 45, 47–53). Specifically, BANA claims HOA's foreclosure sale was both constitutionally and procedurally invalid.[3] Regarding the alleged procedural deficiencies of the sale, BANA claims the foreclosure was ineffective for three reasons: (1) HOA's foreclosure sale was conducted in a commercially unreasonable manner (Compl. ¶¶ 33–35); (2) the notices regarding the foreclosure violated Nevada Revised Statutes § 116.31162 (*Id.* ¶¶ 22, 23, 25–28); and (3) HOA

---

[3] Because the Court finds that the Complaint adequately states a claim for quiet title on the basis of procedural invalidity, the Court does not address the parties' constitutional arguments at this time. *See Ashwater v. Tenn. Valley. Auth.*, 56 S.Ct. 466, 483 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

ignored BANA's pre-foreclosure inquiry requesting the super-priority amount (*Id.* ¶¶ 29, 30). Further, BANA alleges, and HOA does not dispute, that through the foreclosure sale HOA has asserted an adverse claim to the Property. (*Id.* ¶¶ 20, 35; *see* MTD 14:2–3).

On a motion to dismiss, the Court must accept the factual allegations in the Complaint as true and in a light most favorable to BANA. *See Twombly*, 550 U.S. at 555. As the beneficiary and assignee of the Deed of Trust, BANA has standing to assert the rights held by its predecessor in interest. *See Interim Capital LLC v. Herr Law Group, Ltd.*, 2011 WL 7047062, at *3 (D. Nev. Oct. 21, 2011) ("The general rule of assignments is that the transferee has the same rights as the transferor.").[4] Further, because BANA alleges a superior interest in the Property adverse to HOA's claimed interest, the Court finds that the Complaint sufficiently alleges a claim for quiet title and declaratory relief. Accordingly, the Court denies HOA's Motion to Dismiss as to this claim.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] In addition to prudential standing, BANA also has Article III standing to bring its quiet title claim. "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likelihood' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). HOA's foreclosure purports to eliminate BANA's deed of trust; this constitutes injury in fact. The requested relief—resolution of the title dispute and a determination of the Property's owner—would redress that injury. Thus, BANA has Article III standing to dispute the validity of the foreclosure sale and can state a claim for quiet title.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that HOA's Motion to Dismiss, (ECF No. 9), is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that BANA's claims for breach of contract, breach of the covenant of good faith, wrongful foreclosure, breach of Nevada Revised Statutes § 116.1113, and negligent misrepresentation are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that HOA's Motion to Dismiss with respect to BANA's claims for quiet title and declaratory relief is **DENIED**.

**DATED** this __25__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge