# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff <br><br> v. <br><br> WOODCREST HOMEOWNERS ASSOCIATION and 6541 PLEASANT PLAINS WY TRUST, <br><br> Defendants | Case No.: 2:15-cv-01024-APG-GWF <br><br> **Order Setting Briefing Schedule for Supplemental Briefs** <br><br> [ECF No. 69] |

Plaintiff Bank of America, N.A. sues to determine whether its deed of trust still encumbers property located at 6541 Pleasant Plains Way in Las Vegas, Nevada, following a non-judicial foreclosure sale conducted by the homeowners association (HOA), defendant Woodcrest Homeowners Association (Woodcrest). Defendant 6541 Pleasant Wy Trust (Trust) purchased the property at the HOA foreclosure sale.

The parties have moved for summary judgment. While those motions were pending, Bank of America moved for leave to file supplemental authority, specifically the Supreme Court of Nevada's decision in *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217, 1220 (Nev. 2019). *Jessup* held that Bank of America's offer to pay the superpriority amount, combined with evidence that the HOA's foreclosure agent would have rejected tender, operated to cure the superpriority portion of the HOA lien. The foreclosure agent's letter in *Jessup* appears to be identical to the letter sent by Woodcrest's foreclosure agent in this case. *Compare id.* at 1218 with ECF No. 56-8 at 4. The Trust does not oppose the motion for leave to file supplemental authority so long as it has a chance to respond (although it did not attach a proposed response to its opposition).

Because *Jessup* may be dispositive, I grant the parties leave to file supplemental briefs addressing *Jessup*'s application to this case. The parties' briefs shall be limited to five pages and may address only the impact *Jessup* may have on this case. To the extent the Trust intends to argue this case does not have similar testimony from Rock Jung or Kelly Mitchell, the parties must address whether additional discovery is necessary on this point and whether there is any likelihood that the testimony of these witnesses would be different in this case than it was in *Jessup*.

IT IS THEREFORE ORDERED that plaintiff Bank of America, N.A.'s motion for leave to file supplemental authority **(ECF No. 69) is GRANTED**.

IT IS FURTHER ORDERED that the defendants may file response briefs regarding the impact of *Jessup* on this case on or before August 2, 2019. The plaintiff may file a reply brief on or before August 9, 2019. The briefs may not exceed five pages each.

DATED this 23rd day of July, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE